UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STIFEL, NICOLAUS & COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAPIENT CAPITAL, LLC, et al., )<br>)<br>Defendants. ) | No. 1:24-cv-00502-TWP-MJD |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 74.] For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

Plaintiff is a wealth management and investment advisory firm that is headquartered in Missouri. In a nutshell, this case arises out of the fact that certain managers in Plaintiff's Indianapolis office formed their own firm, Sapient Capital, and that many other employees from that office left Plaintiff to join Sapient. Plaintiff had an arbitration agreement with the managers in question, and Plaintiff is pursuing claims against them in a FINRA arbitration, which remains pending.

Plaintiff initially sued Defendants Sapient Capital, LLC, and Sapient Capital Founders, LLC, in the Eastern District of Missouri. On March 8, 2024, that case was dismissed for lack of personal jurisdiction. *Stifel, Nicolaus & Co., Inc. v. Sapient Cap., LLC*, 2024 WL 1014069, at *1 (E.D. Mo. Mar. 8, 2024). On March 18, 2024, Plaintiff filed this action against the two

Defendants in the Missouri action, as well as two additional Defendants: Sapient Capital Holdings, LP, and Lee Equity Partners, LLC. [Dkt. 1.] The Sapient Defendants responded to the Complaint by filing a motion to dismiss for failure to state a claim on May 20, 2024. [Dkt. 25.] On the same date, Defendant Lee Equity filed a motion to dismiss for failure to state a claim, for failure to satisfy Rule 8 and Rule 9(b), and for lack of personal jurisdiction. [Dkt. 29.] All Defendants asked, in the alternative, that this case be stayed pending the outcome of the FINRA arbitration proceeding. Those motions remain pending, as does the FINRA arbitration.

## II. Discussion

In the instant motion, which was filed on December 23, 2024, Plaintiff seeks to amend its complaint to include "new information relevant to its claims regarding the conduct of Sapient Defendants and Lee Equity that previously was unavailable to Stifel" that it learned about during an August 2024 hearing in the FINRA arbitration proceedings and the discovery leading up to that hearing. [Dkt. 74 at 1].

Leave to amend a complaint should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). Rule 15(a) "favors amendment as a general matter." *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (citing *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) (in turn citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nevertheless, "leave may be denied on account of undue delay, prejudice, bad faith or dilatory motives, futility, or judicial economy." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 607 (7th Cir. 2024) (citing *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

Despite this liberal standard, Defendants argue vigorously that Plaintiff's motion to amend should be denied. Defendants argue at length that the proposed amendment would be

futile, but given the complexity of those arguments, and the fact the proposed Amended Complaint is not obviously futile, the viability of the Amended Complaint is better tested by motions to dismiss.

Defendants also urge the Court to find that Plaintiff unduly delayed seeking amendment. Defendant Lee Equity argues that "[t]he Seventh Circuit cautions that a plaintiff should generally not be permitted to amend its complaint months after the parties have fully briefed a motion to dismiss, which is precisely what Stifel is attempting here.  *See Gunawardana v. Am. Veterinary Med. Ass'n*, 2021 WL 4951697, at *4 (7th Cir. Oct. 25, 2021) (citations omitted) (affirming denial of motion for leave to amend filed '[m]ore than two months after the parties had fully briefed the motion to dismiss')."  However, the cited case does not support Defendant's argument.

In *Gunawardana*, the plaintiffs responded to defendant's motion to dismiss their initial complaint for failure to state a claim by filing an amended complaint, which the defendant also moved to dismiss.  More than two months after the second motion to dismiss was fully briefed, the plaintiffs filed a motion seeking leave to amend their complaint once again.  The district court denied that motion, and ultimately granted the second motion to dismiss and dismissed the case with prejudice.  On appeal, the plaintiffs asserted that the district court erred by denying their motion for leave to amend and by granting defendant's second motion to dismiss—the motion to dismiss the amended complaint—without giving plaintiffs another opportunity to amend.  The Seventh Circuit held that it was not an abuse of discretion to deny the motion to amend, because "[s]uch 'cat and mouse game[s] of motions to dismiss followed by a motion to amend,' need not be allowed." *Gunawardana*, 2021 WL 4951697, at *4 (citing *Thompson v. Ill. Dep't of Pro. Regul.,* 300 F.3d 750, 759 (7th Cir. 2002) (which involves the denial of a motion to amend a complaint that had already been amended twice), and *Liebhart v. SPX Corp.,* 917 F.3d

3

952, 965-66 (7th Cir. 2019) (which involves the denial of a motion to amend a complaint on the grounds of undue delay coupled with the fact that the parties had already briefed summary judgment motions)). The Seventh Circuit further held:

> Lastly, the plaintiffs argue that the district court erred by dismissing their complaint with prejudice instead of with leave to amend. But the district court did not abuse its discretion. It had already afforded them one chance to amend after the first motion to dismiss gave them a preview of their complaint's shortfalls. See *Sharif Pharmacy, Inc. v. Prime Therapeutics, LLC,* 950 F.3d 911, 919 (7th Cir. 2020). The pleadings have been tested twice, and we do not require infinite opportunities to amend. Further, when the plaintiffs asked for leave to amend after responding to the second motion to dismiss, they did not explain how their proposed second amended complaint addressed the legal and factual shortfalls of the first. See *Gonzalez-Koeneke v. West,* 791 F.3d 801, 808-809 (7th Cir. 2015). On appeal, they still do not explain this. See *id.* Rather, they baldly assert that "any conceivable defects in the [first amended complaint] were rectified in the proposed second amended complaint."

*Gunawardana*, 2021 WL 4951697, at *4. This is a far cry from "caution[ing] that a plaintiff should generally not be permitted to amend its complaint months after the parties have fully briefed a motion to dismiss."

In fact, quite to the contrary, what the Seventh Circuit has consistently cautioned against is granting a motion to dismiss for failure to state a claim and entering judgment without giving the plaintiff an opportunity to amend:

> Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly. *E.g.*, *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d [1014, 1024 (7th Cir. 2013)]; *Bausch v. Stryker Corp.,* 630 F.3d at 562; *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008); *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n,* 377 F.3d 682, 687 & n. 3 (7th Cir.2004) (collecting cases). Rule 15(a)(2) governs when court approval is needed to amend a pleading: "The court should freely give leave [to amend] when justice so requires." See generally *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded").

When a district court denies a plaintiff such an opportunity, its decision will be reviewed rigorously on appeal. In *Barry Aviation*, we said that giving leave to amend freely is "especially advisable when such permission is sought after the dismissal of the first complaint. Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." 377 F.3d at 687 (emphasis added). We also endorsed the reasons for this practice given by Professors Wright and Miller:

> The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.

*Id.* at 687, quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). Indeed, "[i]n light of the presumption in favor of giving plaintiffs at least one opportunity to amend, denying a plaintiff that opportunity carries a high risk of being deemed an abuse of discretion." *Id.* at 518 (internal citation omitted).

The Sapient Defendants' argument regarding undue delay is, frankly, perplexing. They argue that "[t]he information on which Stifel's proposed amendment relies is information that could reasonably have been discovered earlier and, indeed, was already in Stifel's possession" well before Plaintiff filed the instant motion. [Dkt. 85 at 7.] The Sapient Defendants appear to be referring, at least in part, to information that Plaintiff obtained via document productions during the FINRA proceedings. *Id.* at 6-7. But the Sapient Defendants then note that Plaintiff "categorically agreed" in the protective orders in the FINRA proceedings that the information

5

produced in those proceedings "shall not, directly or indirectly, be used in any other action, judicial proceeding, or administrative proceeding without either the written consent of the Producing Party or an order of the [FINRA] panel." *Id.* at 9. Thus, they argue, Plaintiff's "use of information from the FINRA proceeding for the purpose of its proposed amended complaint violates the orders of the FINRA panel, and the Sapient Defendants continue to object to the use of documents or information derived from those documents in this proceeding." *Id.* So, according to the Sapient Defendants, Plaintiff had the information and should have used it sooner to file an Amended Complaint, but also Plaintiff should never have used the information at all.

Plaintiff sets out in its brief the fact that it sought the written consent of Defendants to use the information from the FINRA proceeding, which Defendants declined to provide. Plaintiff then began the process of seeking discovery from Defendants in this case, promptly filing the instant motion once it finally obtained that discovery. *See* [Dkt. 74 at 6-8]. Thus, the Sapient Defendants' claim that Plaintiff "offers no reason for these delays," [Dkt. 85 at 7], is simply untrue.

Even if the Court accepted Defendants' argument that Plaintiff was dilatory in seeking leave to amend, that would not be sufficient reason to deny the instant motion.

> [D]elay alone will not generally justify denying a motion to amend a pleading absent a showing of prejudice from the delay. *Tragarz v. Keene Corp.,* 980 F.2d 411, 432 (7th Cir. 1992); *Textor v. Board of Regents,* 711 F.2d 1387, 1391 (7th Cir. 1983). However, "the longer the delay, the greater the presumption against granting leave to amend . . . when extreme, 'delay itself may be considered prejudicial,'" *Tamari v. Bache & Co.,* 838 F.2d 904, 908 (7th Cir.1988), *quoting Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 139 (1st Cir.1985).

*King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994); *accord Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir.1992)). Defendants argue that they would be

prejudiced if the amendment were permitted given the fact that the motion to dismiss is pending. The Court disagrees. Plaintiff has not yet amended its Complaint in this case.[1] Thus, the most likely scenario if the instant motion were denied and the pending motions to dismiss for failure to state a claim[2] were granted would be that, consistent with the Seventh Circuit Authority cited above, Plaintiff would be given the opportunity to amend its Complaint. In other words, there will likely be two rounds of motions to dismiss in this case either way. Given Defendants' extensive arguments in their responses to the instant motion that the proposed Amended Complaint does not cure the deficiencies they believe they have identified in the original Complaint, briefing motions to dismiss the Amended Complaint should not be overly burdensome for Defendants. And Defendants certainly cannot be heard to complain of any delay in the resolution of this case that might result from the amendment, inasmuch as they have moved to stay this case in its entirety pending resolution of the FINRA proceedings.

In addition, as the Sapient Defendants recognize, it is appropriate to consider the practicalities of granting or denying the instant motion "because 'judicial economy and the most expeditious way to dispose of the merits of the litigation' are 'proper' considerations in analyzing a motion for leave to amend." [Dkt. 85 at 9] (quoting *Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111-WTL-MJD, 2015 WL 12885836, at *1 (S.D. Ind. Sept. 2, 2015)).

---

[1] Lee Equity mischaracterizes the proposed Amended Complaint as Plaintiff's "fourth-bite complaint—following its complaint in Missouri, the FINRA arbitration, and its operative complaint in the present action." [Dkt. 87 at 2.] Plaintiff's complaint in Missouri was dismissed for lack of personal jurisdiction, not for failure to state a claim, and did not even name Lee Equity as a Defendant, and none of the Defendants in this case are parties to the FINRA arbitration. Thus, Plaintiff's operative complaint in this case is the first time Plaintiff has asserted a claim against Lee Equity, and as of this date no court (or arbitrator, for that matter) has determined that Plaintiff has failed to state a claim.

[2] This, of course, does not apply to the claims against Defendant Lee Equity if they are dismissed for lack of personal jurisdiction.

Defendants suggest that judicial economy would be better served by denying leave to amend, but, again, given the substantial likelihood that Plaintiff would be given at least one opportunity to amend before judgment was entered, permitting the amendment now would obviate the need for Chief Judge Pratt to rule on the pending motions to dismiss, thus promoting judicial economy.  And given Defendants' vehement arguments that the proposed Amended Complaint suffers from the same deficiencies as the operative Complaint, any work that Chief Judge Pratt may already have expended on the pending motions to dismiss likely will be applicable to any motions to dismiss the Amended Complaint once it is filed.

### III.  Conclusion

Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court."  *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).  For the reasons set forth above, the Court, in its discretion, determines that the better course of action in this case is to permit the amendment sought by Plaintiff.  Accordingly, Plaintiff's Motion for Leave to File Amended Complaint, [Dkt. 74], is **GRANTED**.  Plaintiff shall file its Amended Complaint, in substantially the same form as that found at Docket Number 74-1, **on or before March 4, 2025**.

SO ORDERED.

Dated:  27 FEB 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.